Filed 11/24/20  P. v. Williams CA2/8
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER WILLIAMS,<br><br>    Defendant and Appellant. | B290506<br><br>(Los Angeles County<br>Super. Ct. No. YA095655) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edmund Willcox Clarke, Jr., Judge. Reversed and remanded with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.

—————————————

Christopher Williams requests a remand for resentencing under Senate Bill No. 1393 (2017–2018 Reg. Sess.), which we call SB 1393. In July 2019, we dismissed his appeal because he lacked a certificate of probable cause. The Supreme Court transferred the matter back to us to vacate our decision and reconsider the case in light of *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*). Williams and the People submitted supplemental briefs. Under *Stamps*, we remand for the trial court to determine whether to exercise its discretion under SB 1393. All statutory citations are to the Penal Code.

I

We summarize some factual background.

As part of a plea deal, Williams pleaded no contest to two felony counts of robbery. Williams admitted a strike offense conviction. In May 2018, the trial court sentenced Williams to 30 years and four months in prison. Five of these years were due to a prior serious felony conviction enhancement under section 667, subdivision (a)(1). Without requesting or receiving a certificate of probable cause, Williams filed a notice of appeal on May 31, 2018.

The law changed later in 2018. At the time of sentencing, section 1385, subdivision (b) prohibited the court from striking any prior conviction of a serious felony for enhancement purposes under section 667. On September 30, 2018, the Governor signed SB 1393 into law. Effective January 1, 2019, this bill amended section 1385 to grant courts discretion either to impose or to strike section 667, subdivision (a)(1) enhancements.

II

Both parties correctly agree *Stamps* controls this case.

Williams may proceed without a certificate of probable cause. (*Stamps*, *supra*, 9 Cal.5th at p. 698.)

SB 1393 applies retroactively to Williams, whose judgment was not final when the law took effect.  (*Stamps*, *supra*, 9 Cal.5th at p. 699.)

The appropriate remedy is a remand to allow Williams to ask the trial court to strike the section 667 enhancement.  If the trial court declines to exercise its discretion, that ends the matter and Williams's sentence stands.  (*Stamps*, *supra*, 9 Cal.5th at p. 707.)  If the court is inclined to exercise its discretion, the court must permit the People to choose whether to accept the sentence modification or to withdraw assent to the plea agreement.  (*Ibid.*)  Further, the court may withdraw its prior approval of the agreement.  (*Id.* at p. 708.)

## DISPOSITION

We remand so Williams may ask the trial court to strike his section 667 enhancement.  If he does and the court is inclined to exercise its discretion, the court must permit the People to choose whether to accept the sentence modification or to withdraw assent to the plea agreement.


WILEY, J.


We concur:



BIGELOW, P. J.          GRIMES, J.


3